TARA K. MCGRATH
United States Attorney
JOSHUA C. MELLOR
California Bar No. 255870
MIKAELA L. WEBER
California Bar No. 279391
PETER S. HORN
California Bar No. 321358
New York Bar No. 5333653
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: 619-546-9733/9734/6795
joshua.mellor@usdoj.gov
mikaela.weber@usdoj.gov
peter.horn@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEYYED HOSSEIN HOSSEINI (5),<br>ALEXANDER DMITRIENKO (6),<br>AURANGZEB AYUB (10),<br>EDWIN HARMENDRA KUMAR (14),<br>  aka Edwin Harmendra Valentine,<br>MIWAND ZAKHIMI (16),<br>  aka Maiwand Zakhimi,<br>OSEMAH ELHASSEN (17),<br><br>Defendants. | Case No.: 21-CR-1623-JLS<br><br>**UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS**<br><br>Date: March 20, 2024<br>Time: 10:00 a.m.<br>Courtroom: 4D<br>Honorable Janis L. Sammartino |

The United States moves for reciprocal discovery and leave to file further motions as to all Defendants currently before the Court. These motions should be granted for the reasons set forth below.

# I. ARGUMENT

## A. Motion for Reciprocal Discovery

The United States has complied with its discovery obligations thus far. To date, and as set forth in the government's status report filed before the January 12, 2024 hearing, Dkt. 216, the government has provided extensive discovery to the Defendants. In addition to each Defendant's own Anom messages and data, reports, technical documents, and other materials, the United States has provided copies of the requests pursuant the mutual legal assistance treaty between the United States and the third country (MLATs) and warrants obtained in the third country allowing collection of Anom data; offered the opportunity to inspect an Anom device and met and conferred with Hosseini's counsel about inspection of the Anom network; provided a hard drive to each Defendant containing the Anom data set (with a total of approximately five terabytes of data on each drive); and produced approximately 400 pages of communications between U.S. and third-country law enforcement. The government will also continue to comply with its discovery obligations and the Court's discovery orders going forward in this case.

No reciprocal discovery has been received from any Defendant.

The discovery provided to the Defendants includes documents and objects discoverable under Rule 16(a)(l)(E), and they have requested this discovery, as the Court is aware from discovery motions, hearings, and orders thus far. As a result, the United States is entitled to discovery from the Defendants of any books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items that are in their possession, custody, or control and which they intend to use in their cases-in-chief. Fed. R. Crim. P. 16(b)(1)(A).

The United States also requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in any Defendant's possession or control, which they intend to introduce as evidence in chief at the trial, or which were prepared by a person whom a Defendant intends to call as a witness. Because the United

2

21-CR-1623-JLS

# I. ARGUMENT

## A. Motion for Reciprocal Discovery

The United States has complied with its discovery obligations thus far. To date, and as set forth in the government's status report filed before the January 12, 2024 hearing, Dkt. 216, the government has provided extensive discovery to the Defendants. In addition to each Defendant's own Anom messages and data, reports, technical documents, and other materials, the United States has provided copies of the requests pursuant the mutual legal assistance treaty between the United States and the third country (MLATs) and warrants obtained in the third country allowing collection of Anom data; offered the opportunity to inspect an Anom device and met and conferred with Hosseini's counsel about inspection of the Anom network; provided a hard drive to each Defendant containing the Anom data set (with a total of approximately five terabytes of data on each drive); and produced approximately 400 pages of communications between U.S. and third-country law enforcement. The government will also continue to comply with its discovery obligations and the Court's discovery orders going forward in this case.

No reciprocal discovery has been received from any Defendant.

The discovery provided to the Defendants includes documents and objects discoverable under Rule 16(a)(l)(E), and they have requested this discovery, as the Court is aware from discovery motions, hearings, and orders thus far. As a result, the United States is entitled to discovery from the Defendants of any books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items that are in their possession, custody, or control and which they intend to use in their cases-in-chief. Fed. R. Crim. P. 16(b)(1)(A).

The United States also requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in any Defendant's possession or control, which they intend to introduce as evidence in chief at the trial, or which were prepared by a person whom a Defendant intends to call as a witness. Because the United

States will comply with requests for delivery of reports of examinations as required under the Court's discovery orders, the United States is entitled to the items listed above under Rule 16(b)(1). In addition, because the government will comply with Federal Rule of Criminal Procedure 16(a)(1)(G), the government requests disclosure pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) of any proposed experts any Defendant intends to call at trial under Federal Rules of Evidence 702, 703, and 705, including a complete statement of all opinions that they will elicit from the witness(es) in their case(s)-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition.

The United States further requests that the Court make an order as deemed necessary under Rule 16(d)(1) and (2) to ensure that the government receives the discovery to which it is entitled. Rule 26.2 requires the production of prior statements of all witnesses, except the Defendants'. The Rule provides for the reciprocal production of *Jencks* statements. The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. The United States requests that the Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial, to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to recordings, handwritten or typed notes, or reports.

### B. Motion for Leave To File Further Motions

The United States respectfully requests leave to file further motions should new issues or information arise.

//
//
//
//
//

3

21-CR-1623-JLS

## II. CONCLUSION

The government's motions should be granted.

DATED: February 21, 2024

Respectfully submitted,

TARA K. MCGRATH
United States Attorney

*s/Peter S. Horn*
JOSHUA C. MELLOR
MIKAELA L. WEBER
PETER S. HORN
Assistant U.S. Attorneys
Attorneys for the United States